UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHNNY WILLIAM BOYDE,

                                                  Plaintiff,

    v.                                                                5:19-CV-150 (MAD/ATB)

COUNTY OF ONONDAGA, et al.,

                                                 Defendants.

---

JOHNNY WILLIAM BOYDE, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Johnny William Boyde, together with an application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2). For the following reasons, this court will grant plaintiff's application to proceed IFP for purposes of filing only, but will recommend dismissal of the entire complaint with prejudice.

**I.**     **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). The court agrees and finds that plaintiff is financially eligible to proceed IFP.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in

the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   Complaint

### A.   Procedural Background

This complaint is the second action that plaintiff has brought regarding the same facts and circumstances against the same two defendants. In 2016, plaintiff filed *Boyde v. County of Onondaga*, 5:16-CV-555 (LEK/TWD). In 16-CV-555, plaintiff brought an action against New York State, the County of Onondaga, and the City of Syracuse. On initial review of 16-CV-555, Magistrate Judge Therese Wiley Dancks construed the complaint as alleging 42 U.S.C. § 1983 claims against the defendants for false arrest in violation of the Fourth Amendment of the United States Constitution and state law claims for false arrest, libel, and slander. *Boyde v. County of Onondaga*, No. 5:16-CV-555, 2106 WL 3573133 (N.D.N.Y. May 19, 2016).

After an thorough discussion of the facts,[1] Magistrate Judge Dancks determined

---

[1] Plaintiff was indicted by an Onondaga County Grand Jury on charges of first and second degree sexual abuse and endangering the welfare of a child arising out of an incident in which plaintiff subjected a "Jane Doe" to sexual contact when she was incapable of consent. 2106 WL 3573133 at *2. Plaintiff entered a guilty plea in Onondaga County Court on February 15, 2011, upon which he was sentenced to, inter alia, seven years imprisonment and ten years post-release supervision. *Id.* Plaintiff's conviction was reversed in 2014 by the Appellate Division, Fourth Department based on the voluntariness of his plea. *Id.* (citing *People v. Boyde*, 995 N.Y.S.2d 428, 429 (4th Dep't 2014)). The Appellate Division vacated the plea and remanded the matter to Onondaga County Court for further proceedings. *Id.* In her Order and Report-Recommendation, Magistrate Judge Dancks noted that upon remittur, plaintiff and his counsel appeared in Onondaga County Court on April 29, 2015, and plaintiff entered a plea of guilty to first degree sexual abuse. *Id.* Magistrate Judge Dancks also noted that on

that plaintiff was raising false arrest claims in connection with his arrest on a bench warrant in July of 2015, possibly his initial arrest in 2010, and his re-arrest in February of 2016. 2106 WL 3573133 at *3. Magistrate Judge Dancks reviewed the claims and recommended dismissing the State of New York with prejudice as a defendant and recommended dismissing the municipal liability claims against Onondaga County and the City of Syracuse, without prejudice for failure to state a claim and with leave to amend. 2106 WL 3573133 at *3-5. The basis for Magistrate Judge Danck's recommendation was plaintiff's failure to properly allege a municipal custom or policy sufficient to state a claim against either the County or the City.[2] *Id.* (citing inter alia *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012)).

Senior District Court Judge Lawrence E. Kahn adopted Magistrate Judge Dancks's Recommendation over plaintiff's objection. (Dkt. No. 9 in 16-CV-555). Plaintiff filed a proposed amended complaint on September 7, 2016. (Dkt. No. 12 in 16-CV-555). Magistrate Judge Dancks conducted an initial review of the proposed amended complaint, but found that plaintiff did not cure any of the defects in the original complaint and had still failed to allege facts stating a claim for municipal liability sufficient to withstand initial review. (Dkt. No. 16 in 16-CV-555). Plaintiff

---

April 27, 2015, plaintiff wrote a letter to the County Court "confirming that he wished to accept 'time served with the Defendant [sic] appeal right(s).'" *Id.* Plaintiff was released from incarceration on April 29, 2015, and on July 21, 2015, he was sentenced to "time served," and the court issued an order of protection. *Id.* Plaintiff was rated a Level 3 sex offender on July 21, 2015. *Id.*

[2] The basis for Judge Dancks's recommendation to dismiss New York State with prejudice was Eleventh Amendment immunity. 2106 WL 3573133 at *3.

4

filed objections to the Magistrate Judge's recommendation and filed another amended complaint. (Dkt. Nos. 17, 18). However, on December 7, 2016, Senior Judge Kahn adopted Magistrate Judge Danck's Order and Report-Recommendation in its entirety, dismissing the plaintiff's amended complaint **with prejudice** and without consideration of the second amended complaint that was filed shortly after the plaintiff's objections. (Dkt. Nos. 18 (2d Amended Complaint), 20 (LEK Order)).

Plaintiff filed an appeal of Senior Judge Kahn's Decision and Order with the Second Circuit Court of Appeals, and on June 22, 2017, the Second Circuit dismissed plaintiff's appeal "because it lack[ed] an arguable basis in law or fact." (Dkt. No. 30 in 16-CV-555).

### B.     The Current Complaint

More than one and one half years later,[3] plaintiff has filed this action on a form-civil rights complaint, against Onondaga County and the City of Syracuse, together with various attachments and "Supporting Exhibits." (Dkt. No. 1). Plaintiff states that the defendants have violated his Fourth, Fifth, Sixth, Eight, Ninth, and Fourteenth Amendments as well as "the laws of the United States and the State of New York." (Complaint ("Compl.") at ¶ 4) (Dkt. No. 1). In the section entitled "Causes of Action," plaintiff has written "See Attached." (Compl. ¶ 5). Plaintiff seeks substantial monetary relief. (Compl. ¶ 6).

---

[3] In the interim, plaintiff was apparently moving for reconsideration in the Second Circuit. (Compl. at CM/ECF p.6).

The attached document contains the civil action number of the 2016 action in its caption. Plaintiff outlines 16-CV-555 and cites the Second Circuit's dismissal of his appeal. (Compl. at CM/ECF 5-13). Plaintiff then attaches what he labels "Basis in Law and Fact(s)." (Compl. at ¶ 9, CM/ECF 9-22). Plaintiff follows this section, with one entitled "Actual Details." (Compl. at ¶ 10, CM/ECF 22-23). Plaintiff apparently believes that the Second Circuit's dismissal indicates that he may file another action about the same incident, suing the same defendants as long as he adds a "Basis in Law and Facts." A review of the papers that plaintiff has filed show that he has expanded on the same issues and claims that he raised in 16-CV-555, suing the same municipal defendants.

Plaintiff has simply added more background information about his original (2011) conviction, the Appellate Division's reversal of his 2011 conviction, and the subsequent arrests that he believed were improper, all of which were the subjects of his prior action. He has included transcripts of conversations with his attorney, former chief of police, Frank Fowler, and other unknown individuals. Instead of clarifying his claims, he has made them even more confusing. He has also quoted portions of Magistrate Judge Dancks's recommendation. (Compl. at CM/ECF p.12). Plaintiff seems to challenge his registration as a sex offender, in addition to challenging warrants that were apparently issued because he violated certain release conditions applicable to sex offenders. (*See e.g.* Compl. at CM/ECF p. 33-35).

6

Plaintiff has misinterpreted the Second Circuit's order.  A dismissal with prejudice because an appeal lacks an arguable basis in law or in fact does not indicate that the plaintiff may go back to the district court and submit what is essentially an amended version of No. 16-CV-555, with "a basis in law or in fact."  A dismissal "with prejudice" constitutes a final judgment with the preclusive effect of res judicata as to all matters litigated and as to all relevant issues which could have been litigated, but were not raised and litigated in the action, involving the same defendants. *Nemaizer v. Baker*, 793 F.2d 58, 60-61 (2d Cir. 1986) (citation omitted).  Additionally, if a court is on notice that it has previously decided the issue presented, "the court may dismiss the action sua sponte, even though the defense has not been raised." *Krepps v. Reiner*, 377 F. App'x 65, 66 (2d Cir. 2010); *Wang v. New York*, No. 18-CV-2154, 2018 WL 2871842, at *3 (E.D.N.Y. June 11, 2018) (notwithstanding the liberal construction afforded to pro se pleadings, there are limits to how often a court can be asked to review the same allegations against the same parties, and the district court has not only the power, but the obligation to dismiss sua sponte on res judicata grounds when the litigation history triggers it). Thus, plaintiff may not bring this action against Onondaga County and the City of Syracuse, and I recommend dismissing the case again with prejudice.[4]

---

[4] The court notes that even if it were reviewing the complaint on the merits, plaintiff has still failed to properly allege any custom or policy of either the City or the County that would state a claim for municipal liability.  In fact, plaintiff has only made the complaint more confusing and possibly in violation of Fed. R. Civ. P. Rule 8 which requires that a complaint contain "'a short and plain

7

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITH PREJUDICE** based on res judicata.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 26, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.'" *Whitfield v. Johnson*, No. 18-CV-1232, 2018 WL 1385890, at *2 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)). Plaintiff's current complaint is anything but concise and direct.