UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNY WILLIAM BOYDE,

                                  **Plaintiff,**

   vs.                                          5:19-CV-00150
                                                             (MAD/ATB)

**COUNTY OF ONONDAGA; and**
**CITY OF SYRACUSE,**

                                  **Defendants.**
_____

APPEARANCES:                                  OF COUNSEL:

**JOHNNY WILLIAM BOYDE**
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13202
E-mail: johnnyboyde2019@gmail.com
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Johnny William Boyde brought this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by Defendants County of Onondaga and City of Syracuse. *See generally* Dkt. No. 1. Liberally construed, Plaintiff alleges Fourth Amendment false arrest claims under § 1983 and state law claims for false arrest, libel, and slander in connection with his initial arrest in 2010, a bench warrant issued in July 2015, and his subsequent rearrests in February 2016, July 2016, and January 2017. *See id*. at 8, 11-13, 22-24, 30-31, 33-34. Plaintiff seeks $5,000,000 from each Defendant for the alleged violations. *See id*. at 35.

Currently before the Court is Magistrate Judge Andrew T. Baxter's Order and Report-Recommendation, and Plaintiff's objections thereto. *See* Dkt. Nos. 5, 10. Magistrate Judge

Baxter granted Plaintiff's *in forma pauperis* ("IFP") application for purposes of filing only and correctly recommended that Plaintiff's action be dismissed with prejudice, in its entirety, on the grounds of res judicata. *See* Dkt. No. 5 at 8.

## II. BACKGROUND

The facts and circumstances set forth in Plaintiff's current complaint are almost identical to those of *Boyde v. City of Syracuse*, No. 5:16-CV-0555, 2016 WL 7156557, *1-2 (N.D.N.Y. Dec. 7, 2016) ("2016 Action"), as summarized below.

### A. Factual Background

In February 2011, Plaintiff entered a plea of guilty to charges of sexual abuse in the first degree, sexual abuse in the second degree, and endangering the welfare of a child. *See Boyde v. New York*, No. 16-CV-00555, 2016 WL 3573133, *2 (N.D.N.Y. May 19, 2016). Such charges were in connection with a July 21, 2010 incident during which Plaintiff subjected a minor to sexual contact when she was incapable of consent by reason of being physically helpless. *See id*. Plaintiff was sentenced to, *inter alia*, seven years of incarceration and ten years of supervised release. *See id*.; Dkt. No. 1-1 at 7.

On November 14, 2014, the Appellate Division, Fourth Department vacated Plaintiff's guilty plea, determining that it was coerced when an Onondaga County Court judge made a statement that Plaintiff would receive the maximum sentence if he was found guilty at trial. *See People v. Boyde*, 122 A.D.3d 1302, 1303 (4th Dep't 2014). Upon remittur, Plaintiff entered a guilty plea to the charge of sexual abuse in the first degree on April 29, 2015. *See Boyde*, 2016 WL 3573133, at *2.

On July 8, 2015, the Onondaga County Court issued a bench warrant when Plaintiff failed to appear for sentencing in connection with the April 29, 2015 guilty plea. *See id*. at *3. There

was a return on the warrant on July 20, 2015, and on the following day, Plaintiff was sentenced to time served and rated as a Level 3 Sex Offender. *See id*.

According to the complaint, Plaintiff was rearrested on February 26, 2016 for failure to register as a sex offender. *See* Dkt. No. 1 at 32. A preliminary hearing was held on March 3, 2016, resulting in Plaintiff's release pending the submission of documentation certifying Plaintiff's status as a sex offender. *See* Dkt. No. 1-1 at 12-21. On July 8, 2016, Plaintiff was rearrested for failure to register. *See* Dkt. No. 1 at 33. Plaintiff further alleges that his attorney, Mr. Marris, challenged Plaintiff's sex offender status with the court on December 16, 2016. *See id*. at 34. However, Plaintiff entered a plea of guilty to the charge of failure to register as a sex offender on February 21, 2017. *See People v. Boyde*, 169 A.D.3d 1445, 1445 (4th Dep't 2019).

Plaintiff appealed his April 29, 2015 conviction for sexual abuse in the first degree and his February 21, 2017 conviction for failure to register as a sex offender. *See People v. Boyde*, 169 A.D.3d 1443, 1443 (4th Dep't 2019); *People v. Boyde*, 169 A.D.3d 1445, 1445 (4th Dep't 2019). On February 1, 2019, the Appellate Division, Fourth Department reserved decision and remitted for clarification on sentencing as to Plaintiff's appeal of his sexual abuse in the first degree conviction, and dismissed Plaintiff's appeal of his failure to register conviction. *See People v. Boyde*, 169 A.D.3d 1443, 1443-45 (4th Dep't 2019).

**B.     The 2016 Action**

On May 12, 2016, Plaintiff filed the 2016 Action, alleging the following claims through a form civil rights complaint, specifically:

> [f]alse arrest as a Sex Offender, malicious prosecution, illegal and wrongful imprisonment, illegal reimprisonment, libel and slander, false arrest again, malicious prosecution again, wrongful imprisonment, Court of Claims Act 8-b violation of the Constitution of the United States, the Constitution of the State of New York[,] the laws of the State of New York and the United States[,] and

3

> regulations of the United States of America, New York State[,] the County of Onondaga[,] and the City of Syracuse.

*Boyde*, No. 5:16-CV-00555, Dkt. No. 1.  The court construed the foregoing allegations as § 1983 claims for false arrest under the Fourth Amendment and state law claims for false arrest, libel, and slander.  *See Boyde*, 2016 WL 3573133, at *3-5.  In a May 19, 2016 Order and Report-Recommendation, Magistrate Judge Thérèse Wiley Dancks recommended that Plaintiff's claims against New York State be dismissed with prejudice on Eleventh Amendment grounds and that Plaintiff's claims against Defendants County of Onondaga and City of Syracuse be dismissed without prejudice for failure to state a claim alleging municipal liability, with leave to amend. *See id*.  Magistrate Judge Dancks further recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See id*. at *5.  Senior District Court Judge Lawrence E. Kahn approved and adopted the Order and Report-Recommendation in its entirety.  *See Boyde*, 2016 WL 3580768, at *1.

In a second Order and Report-Recommendation dated October 7, 2016, Magistrate Judge Dancks recommended dismissing Plaintiff's amended complaint with prejudice for failure to state a claim.  *See Boyde*, 2016 WL 7157208, at *3.  On December 7, 2016, Senior Judge Kahn approved and adopted the Order and Report-Recommendation in its entirety.  *See Boyde*, 2016 WL 7156557, at *2.  The Second Circuit dismissed Plaintiff's appeal of Senior Judge Kahn's decision "because it lack[ed] an arguable basis in law or fact."  *Boyde v. Cty. of Onondaga*, No. 16-CV-4182, 2017 WL 6514630, *1 (2d Cir. Apr. 26, 2017).

**C.    The Current Complaint**

Five days after the February 1, 2019 dismissal of his criminal appeals, Plaintiff filed the current complaint with the Court, alleging violations of his Fourth, Sixth, Ninth, and Fourteenth Amendment rights as well as claims of:

4

> [l]ibel and slander, false arrest again, malicious prosecution again, wrongful imprisonment again, Court of Claims Act 8-b violation of the Constitution of the United States, The Constitution of the State of New York[,] the Laws of the State of New York and the United States[,] and the Regulations of the United States of America, New York State and the County of Onondaga and the City of Syracuse New York.

Dkt. No. 1 at 6. In the complaint, Plaintiff first summarizes the facts, arguments, and procedural background of the 2016 Action. *See* Dkt. No. 1 at 5-13.

Plaintiff then attaches sections titled "Basis in Law and Fact(s)" and "Actual Details," which provide additional information about the events giving rise to his initial arrest in 2010, the bench warrant issued in July 2015, and his subsequent rearrests in February 2016, July 2016, and January 2017. *See id*. at 8, 11-13, 22-24, 30-31, 33-34. Included in these sections are transcripts of alleged conversations with his attorney, the former Chief of Police Frank Fowler, Police Officers Russin and Fitzpatrick, and other unknown individuals. *See id*. at 13-34. Regarding the issuing of the bench warrant in July 2015, Plaintiff contends that "the County of Onondaga [and the] City of Syracuse, New York join[tly,] [a]s part as a common plan[,] told the Media that the plaintiff was a Sex Offender and the Number 1 Fugitive in the Area of the week." *Id*. at 30. Plaintiff additionally challenges his several arrests for failure to register as a sex offender and his status as a sex offender in its totality, arguing that such arrests were invalid due to the Appellate Division's reversal of his convictions in 2014. *See id*. at 34.

### III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However

when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action [IFP]." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).

## B.     Plaintiff's Objections

Plaintiff does not raise any specific objections to the content of Magistrate Judge Baxter's Order and Report-Recommendation, but rather advances arguments about bias of judges, the length of the report, and the corruptness of the court system. *See* Dkt. No. 10 at 8-13. Such objections are general and conclusory. *See id*. Accordingly, the Court reviews Magistrate Judge Baxter's findings for clear error. *See O'Diah*, 2011 WL 933846, at *1.

## C. Res Judicata

The doctrine of res judicata, or claim preclusion, "preclude[s] later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985) (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)) (other citation omitted). Additionally, once a final judgment has been entered by a court of competent jurisdiction, "the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Id.* (internal quotation marks omitted). "Such a judgment precludes the subsequent litigation both of issues actually decided in determining the claim asserted in the first action[] and of issues that could have been raised in the adjudication of that claim." *Colonial Acquisition P'ship v. Colonial at Lynnfield, Inc.*, 697 F. Supp. 714, 717-18 (S.D.N.Y. 1988) (quoting *Nat'l Labor Relations Bd. v. United Techs. Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983)). While res judicata is ordinarily an affirmative defense, *see* Fed. R. Civ. P. 8(c), it may be raised *sua sponte*. *See Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998).

In the present matter, Plaintiff's action is barred by res judicata. Plaintiff received a final judgment on the merits when Senior Judge Kahn dismissed the 2016 Action for failure to state a claim and the Second Circuit subsequently dismissed Plaintiff's appeal. *See Boyde*, 2017 WL 6514630, at *1; *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (holding that "dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects"); *Boyde*, 2016 WL 7156557, at *2. The Northern District of New York and the Second Circuit are courts of competent jurisdiction given that the 2016 Action was brought pursuant to §

1983. *See Storey v. Cello Holdings*, 347 F.3d 370, 380 (2d Cir. 2003) (holding that "as a term of art, we give [courts of competent jurisdiction] its plain meaning, namely a court that has jurisdiction to hear the claim brought before it"). The instant case involves the same parties and alleges virtually identical claims as the 2016 Action. *See* Dkt. No. 1 at 6; *Boyde*, No. 16-CV-00555, Dkt. No. 1. Magistrate Judge Baxter correctly noted,

> Plaintiff has misinterpreted the Second Circuit's order. A dismissal with prejudice because an appeal lacks an arguable basis in law or in fact does not indicate that the plaintiff may go back to the district court and submit what is essentially an amended version of [the 2016 Action], with "a basis in law or in fact."

Dkt. No. 5 at 7. Accordingly, Plaintiff's false arrest claims predating his September 7, 2016 Amended Complaint must be dismissed on the grounds of res judicata. *See Teltronics Servs., Inc.*, 762 F.2d at 190; *Colonial Acquisition P'ship*, 697 F. Supp. at 717-18.

**D.    Plaintiff's January 2017 Arrest**

> When a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). To the extent Plaintiff seeks to allege false arrest claims in connection with events arising after Senior Judge Kahn's December 2016 decision, specifically his January 2017 arrest for failure to register, he will be unsuccessful. Plaintiff cannot bring false arrest claims, because a judgment in favor of Plaintiff would call into question the validity of his February 21, 2017 failure to register conviction and the Appellate Division's

8

dismissal of its appeal of such conviction. *See People v. Boyde*, 169 A.D.3d 1445, 1445 (4th Dep't 2019). Accordingly, Plaintiff's § 1983 false arrest claims must be dismissed.[1]

E.  **Plaintiff's State Law Claims**

Since Plaintiff's § 1983 false arrest claims must be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (holding that the district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed).

## IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report-Recommendation, the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's February 26, 2019 Order and Report-Recommendation (Dkt. No. 5) is **APPROVED** and **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

---

[1] Plaintiff's claims are also subject to dismissal for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). "Although municipalities are considered 'persons' for purposes of Section 1983, a local government such as [a] County…may not be held liable under Section 1983 unless the challenged action was performed pursuant to a municipal policy or custom." *Powers v. Gipson*, No. 04-CV-6338, 2004 WL 2123490, *2 (W.D.N.Y. Sept. 14, 2004) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)). As Magistrate Judge Baxter correctly noted, "plaintiff has still failed to properly allege any custom or policy of either the City or the County that would state a claim for municipal liability." Dkt. No. 5 at 7 n.4.

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge